IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

BOARDS OF TRUSTEES OF THE OHIO
LABORERS BENEFITS,

    Plaintiff,

                                    Civil Action 2:20-cv-1210
                                    Chief Judge Algenon L. Marbley
    v.                             Magistrate Judge Elizabeth P. Deavers


KARNAK CONCRETE,

    Defendant.


### REPORT AND RECOMMENDATION

Plaintiffs moved this Court for an order requiring Defendant and its authorized representative Kristian Ramsey to appear before the Court to show cause as to why it should not be held in contempt. (ECF No. 13.) Plaintiffs premised their Motion upon Defendant's alleged failure to comply with this Court's Order dated April 15, 2020. (ECF No. 9.) Specifically, the Court ordered that Defendant "shall (a) respond to requests for production of documents served by Plaintiffs within twenty-one (21) days after service and (b) designate a knowledgeable representative under Rule 30(b)(6) to appear for a virtual remote video deposition under Rule 30(b)(4), with a stenographic reporter, on Monday, May 18, 2020, at 1:00 pm." (*Id.*) Plaintiffs represent that they provided notice of the Order, but that Defendant did not appear for the deposition or produce the requested documents. (ECF No. 11)

After two previous notices for hearings on July 27, 2020 (ECF No. 20) and August 27, 2020 (ECF No. 21), this matter came before the Court for a hearing on September 24, 2020

pursuant to its Order to show cause why Defendant should not be held in contempt. At this hearing, Plaintiffs indicated that they had sought to serve the notices of the hearings on Defendant and Mr. Ramsey through the Ohio Secretary of State. Plaintiffs, however, were informed just prior to the hearing that the Secretary had not perfected service but would be doing so in short order. As such, the Court indicated it would hold another Show Cause Hearing and scheduled one for November 6, 2020. (ECF No. 24.)

In the ensuing weeks of the pandemic, Plaintiffs continued to have difficulties serving Defendant and moved the Court to continue the Show Cause Hearing to a time when the Court resumed in-person civil proceedings.[1] Pursuant to Court Order, Plaintiffs submitted a Status Report on September 9, 2021 confirming that they had still not received the requested documents and testimony from Defendant to complete the ERISA audit of Defendant's records. (ECF No. 30.) Accordingly, the Court issued a Show Cause Order directing Defendant and its authorized agent, Kristian Ramsey, to appear and show cause why Defendant should not be held in contempt of this Court's Order. (ECF No. 34.) The Court set the show cause hearing for November 10, 2021 at 1:30 P.M. The Order specifically advised that, if Defendant and Kristian Ramsey failed to appear and show cause, **"*the Court may order the arrest of Mr. Ramsey.*"** (*Id*.) Copies of that Order were sent by regular and certified mail to Defendant and Mr. Ramsey on September 17, 2021 and were not returned as undeliverable. (ECF No. 35.)

The Court held a Show Cause Hearing on November 10, 2021 at 1:30 P.M. as noticed. Defendant and Mr. Ramsey failed to appear. Plaintiffs submitted evidence that Mr. Ramsey resided at the address the various Show Cause Orders were served by certified mail, all of which

---

[1] The Court had suspended in-person civil proceedings at that time in light of the COVID-19 pandemic. *See* S.D. Oh. General Order 20-31.

2

were returned "unclaimed," through at least June 2021. (Exhs. 1 & 2.) Plaintiffs also provided evidence of Mr. Ramsey's address as of July 2021 which is where the Court sent the most recent Show Cause Order, ECF Nos. 34 & 35. (Exh. 3.) Finally, Plaintiffs demonstrated that they had served an individual by USPS on October 25, 2021 and exhausted efforts to personally serve the Court's September 16, 2021 Order to Show Cause at Mr. Ramsey's most recent address. (Exhs. 4, 5 & 6.[2])

The Court concludes that Plaintiffs have sufficiently established that Defendant and Mr. Ramsey received notice of the Courts Orders. Having failed to comply with the Court's Orders, ECF Nos. 9 and at least 34, the Undersigned finds that civil contempt sanctions are appropriate.

"[I]ncarceration has long been established as an appropriate sanction for civil contempt." *Singh v. Capital Univ. Law & Graduate Ctr.*, 238 F.3d 424 (6th Cir. 2000) (collecting cases). "As used in the civil context, . . . incarceration must be conditional[.]" (*Id*.). Accordingly, to ensure Defendant's compliance with the Court's Orders, it is **RECOMMENDED** that the Court **GRANT** Plaintiff's Motion (ECF No. 13) and **HOLD DEFENDANT** and **KRISTIAN RAMSEY** in **CONTEMPT**. Specifically, if Defendant does not comply with the Court's April 15, 2020 discovery Order (ECF No. 9) within **TWENTY-ONE (21) DAYS** of any adoption of this Report and Recommendation, it is **RECOMMENDED** that the Court issue a warrant for the

---

[2] The process server made five (5) unsuccessful attempts to service the papers during the period of October 22, 2021 through October 31, 2021. On the last attempt:

> A male answered the intercom. The server explained the nature of the visit and the male told the server to hold on a minute. Several minutes passed and no one came to the door. The server noticed that a light was turned on inside the house. The server rang the door bell several more times and waited several minutes but no one would answer the door. . . ."

(Exh. 6.)

arrest of Kristian Ramsey and imprison Mr. Ramsey until such time as Defendant complies with the Court's April 15, 2020 Order. The Court emphasizes that these sanctions are conditional and designed only to ensure Defendant's compliance with direct Orders of this Court. Defendant, therefore, may purge itself of its contempt, and avoid the above punishment, by working with Plaintiffs and their counsel to resolve this matter.

Additionally, it is **RECOMMENDED** that the Court hold Defendant liable, regardless of its future action, for Plaintiff's expenses and attorney's fees associated with its Motion for Order to Show Cause (ECF No. 13), as compensation for Defendants' noncompliance.

The Clerk is **DIRECTED** to send a copy of this Order, the prior Orders (ECF Nos. 9, 13, 20, 21, 24 & 34) via regular and certified mail to the following address:

> Karnak Concrete, LLC
> c/o Kristian A. Ramsey, S.A.
> 2678 Morrow Place
> Cincinnati, Ohio 452024

The Clerk is **FURTHER DIRECTED** to indicate on the docket the fact of mailing.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b). The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the

magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: January 5, 2022                     /s/ *Elizabeth A. Preston Deavers*
                                          **ELIZABETH A. PRESTON DEAVERS**
                                          **UNITED STATES MAGISTRATE JUDGE**