IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **BOARDS OF TRUSTEES OF THE** | : | |
| **OHIO LABORERS BENEFITS,** | : | Case No. 2:20-cv-1210 |
| | : | |
| Plaintiffs, | : | Chief Judge Algenon L. Marbley |
| | : | |
| v. | : | Magistrate Judge Elizabeth P. Deavers |
| | : | |
| **KARNAK CONCRETE LLC,** | : | |
| | : | |
| Defendant. | : | |

**OPINION & ORDER**

This matter is before the Court on Plaintiffs' Motion for Default Judgment. (ECF No. 67). The time for filing a response has passed and Defendant has not responded. For the following reasons, Plaintiffs' Motion (ECF No. 67) is **GRANTED**, consistent with this opinion. A **DEFAULT JUDGMENT** is entered against Defendant, and Plaintiffs are awarded **$170,890.38** in damages plus interest at a rate of 1% per month from the date of the judgment, as explained below.

## I. BACKGROUND

Plaintiffs are the fiduciaries of four employee benefit plans and one labor-management cooperative trust, collectively known as the "Ohio Laborers Benefits" or as the "Plans." (ECF No. 67, 2). Plaintiffs seek to collect damages from Defendant for breach of their collective bargaining agreements ("CBAs") in violation of the Employee Retirement Income Security Program ("ERISA")'s "delinquent contributions" provision under 29 U.S.C. § 1145. (ECF No. 1 ¶¶ 17, 20). Defendant, an Ohio limited liability company with a principal place of business in Hamilton County, Ohio, is an employer of laborers who performed work covered by the agreement (ECF

1

No. 67, 3), and who is an "employer" in "commerce" or "affecting commerce" for purposes of ERISA litigation. (ECF No. 1 ¶¶ 5, 6).

These governing documents obligated Defendant to "file monthly contribution reports, permit audits of its financial records, and make hourly contributions to the Plans." (Ex. 1, Gaston Decl. at ¶ 10). Through these same agreements, Plaintiffs were authorized to "conduct an audit of financial records, collect delinquent contributions, and assess and collect liquidated damages" when an employer, such as Defendant, failed to make timely contributions. (*Id.* at ¶ 11).

Plaintiffs allege Defendant failed to contribute to the Plans several times between June 2018 and December 2021, contrary to the requirements agreed upon in the Parties' CBAs, (ECF No. 67, 3), and that since then, Defendant has also refused to allow Plaintiffs access to Defendant's financial records for a financial audit. (ECF No. 1 ¶ 11).

Plaintiffs filed their Complaint on March 4, 2020, (ECF No. 1), and, after the time for Defendant to answer had lapsed, Plaintiffs applied for and received an entry of default. (ECF Nos. 6, 7). Both this Court and Plaintiffs have attempted numerous times over the last four years to move this case along with the participation of Defendant, including multiple show cause hearings, threats to hold Defendant's representative in contempt of court, and status conferences. (*See, e.g.*, ECF No. 13, 14, 15, 20, 21, 24, 34, 45, 51, 52, 53). Since last summer's status conferences, Plaintiffs have repeatedly sought Defendant's cooperation with an updated audit, detailing their unsuccessful efforts in five separate status reports. (*See* ECF Nos. 54, 55, 56, 57, 58, 59, 60, 61, 62). Having received permission to do so given Defendant's recalcitrance, Plaintiffs now move for default judgment. (ECF Nos. 66, 67). Defendant has not responded, and the time to do so has passed, so this matter is now ripe for judgment by this Court.

2

## II. LAW & ANALYSIS

### A. Default Judgment

Rule 55 of the Federal Rules of Civil Procedure governs defaults and default judgments. *See* FED. R. CIV. P. 55. The first step is entry of default by the clerk, which is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit, or otherwise[.]" FED. R. CIV. P. 55(a).

Importantly, the entry of default does not automatically entitle Plaintiffs to a default judgment. *Methe v. Amazon.com.dedc, LLC*, No. 1:17-cv-749, 2019 WL 3082329, at *1 (S.D. Ohio July 15, 2019). Once default is entered, a party may take a second step of moving for default judgment from either the clerk or, as is relevant here, from the Court. FED. R. CIV. P. 55(b). At the default judgment stage, the Court accepts as true the complaint's well-pled factual allegations regarding liability, though "[t]he plaintiff must still show that, when all of the factual allegations in the complaint are taken as true, the defendant is liable for the claim(s) asserted." *Methe*, 2019 WL 3082329, at *1.; *see also F.C. Franchising Sys., Inc. v. Schweizer*, No. 1:11-cv-740, 2012 WL 1945068, at *3 (S.D. Ohio May 30, 2012) ("[I]t remains for the district Court to consider whether the unchallenged facts constitute a cause of action, since a party in default does not admit mere conclusions of law." (citing *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010)).

Allegations concerning the amount of damages, however, must generally be proven. *Arthur v. Robert James & Assocs. Asset Mgmt., Inc.*, No. 3:11-cv-460, 2012 WL 1122892, at *1 (S.D. Ohio Apr. 3, 2012) (internal quotation marks omitted); *Schilling v. Interim Healthcare of Upper Ohio Valley, Inc.*, No. 206-cv-487, 2007 WL 152130, at *2 (S.D. Ohio Jan. 16, 2007). But as an exception to this general rule, such allegations may be accepted as true, thereby bypassing the necessity of a hearing, where "the amount claimed is capable of ascertainment from definite figures

3

contained in detailed affidavits." *Iron Workers Dist. Council of S. Ohio & Vicinity Ben. Trust v. NCR Clark, LLC*, No. 3:14-cv-00070, 2014 WL 4211045, at *1 (S.D. Ohio Aug. 26, 2014) (citing *Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)); *Bds. of Trs. of Ohio Laborers Benefits v. Kyle J. Sherman Excavating, LLC*, No. 2:23-cv-2476, 2024 WL 923333, at *1 (S.D. Ohio Feb. 28, 2024) ("The Court may enter an award without a hearing when plaintiff's claim is for a sum certain or a sum that can be made certain by computation." (citing FED. R. CIV. P. 55(b)(1))).

When considering whether to enter default judgment, the Sixth Circuit instructs courts to consider the following factors:

> (1) possible prejudice to the plaintiff; (2) the merits of the claims; (3) the sufficiency of the complaint; (4) the amount of money at stake; (5) possible disputed material facts; (6) whether the default was due to excusable neglect; and (7) the preference for decisions on the merits.

*Russell v. City of Farmington Hills*, 34 F. App'x 196, 198 (6th Cir. 2002) (citing *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986); *Berthelsen v. Kane*, 907 F.2d 617, 620 (6th Cir. 1990); and *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 193–94 (6th Cir. 1986)).

Here, Plaintiffs properly applied for an entry of default after Defendant failed to answer its Complaint, and the clerk subsequently entered Defendant's default. (ECF No. 7). So, this Court will address the *Russell* factors to determine if default judgment is appropriate.

### 1. Sufficient and Meritorious Claims

The Complaint alleges two interconnected bases for relief: that Defendant has breached the Parties' CBAs, under which Defendant was obligated to make timely contributions to various Plans run by Plaintiffs. Taking the factual allegations as true, this Court finds that the Complaint states sufficient and meritorious claims for each.

4

Employers violate 29 U.S.C. § 185 when they breach the agreed-upon conditions in a collective bargaining agreement. *Bd. of Trs. of Ohio Laborers Benefits v. Rock River Constr. Ltd.*, No. 2:22-cv-2806, 2023 WL 5938764, at *1 (S.D. Ohio Aug. 11, 2023). The components necessary to prove a claim of breach of a collective bargaining agreement are the same as those needed to prove a typical breach of contract claim. *Id.* (citing *Anderson v. AT&T Corp.*, 147 F.3d 467, 473 (6th Cir. 1998)). As such, courts apply basic principles of contractual interpretation when interpreting collective bargaining agreements, so long as their application is consistent with federal labor policies. *Int'l Union, UAW v. Yard-Man, Inc.*, 716 F.2d 1476, 1479 (6th Cir. 1983).

To sue under this mechanism, Plaintiffs must establish their right to enforce the collective bargaining agreement as third-party beneficiaries. *Rock River Constr. Ltd.*, 2023 WL 5938764, at *1 (citing *Anderson*, 147 F.3d at 473). And trustees of employee benefit plans, as Plaintiffs are here, are statutorily empowered under ERISA's delinquent contribution provision to bring suit against an employer, such as Defendant, to enforce the terms of a collective bargaining agreement when an employer is not timely paying into an agreed-upon benefit plan. *Id.* (citing *Laborers Health and Welfare Tr. Fund v. Advanced Lightweight Concrete Co.*, 484 U.S. 539, 546 (1988)). So, Plaintiffs have established themselves as fiduciaries entitled to enforce the CBAs.

Taking the facts as stated in the Complaint as true, Plaintiffs have validly stated a claim for breach of the CBAs vis-à-vis Defendant's failure to file monthly contribution reports, permit audits of its financial records, and make the required contributions to the Plans—allegations strengthened by the absence of any response by Defendant. The CBAs require Defendant to remit contributions to the Plans by the fifteenth day of the month after the employees performed work. (Ex. 1, Gaston Decl. at ¶ 12; Ex. 3, L265 Building Agreement ¶ 111). And on several occasions between June

5

2018 and December 2021, Defendant failed to make the requisite contributions to the Plans, totaling $104,893.54 as of the time of this briefing. (Ex. 1, Gaston Decl. at ¶¶ 13, 15).

Moreover, after Defendant failed to make timely contributions to the benefit plans, Plaintiffs repeatedly requested to audit Defendant's financial records, (*see* ECF Nos. 9, 11, 13, 20, 21, 24, 34, 37), records to which they were entitled access, (Ex. 1 Gaston Decl. at ¶ 11; Ex. 3 ¶ 110). Yet to date, Defendant has not allowed Plaintiffs to audit the financial records, as authorized under the CBAs.

Accordingly, Plaintiffs' Complaint states a valid claim for breach of the Parties' CBAs by way of Defendant's failure to make the agreed-upon payments. Therefore, this factor weighs in favor of default judgment.

### 2. *Prejudice to Plaintiff*

Having found Plaintiffs to have sufficiently alleged a meritorious claim for breach of the Parties' CBAs in violation of ERISA's "delinquent contributions" provision, this Court must then examine the possible prejudice to Plaintiffs if default judgment is not granted. It is likely that Plaintiffs will be prejudiced if their Motion for Default Judgment is denied. Plaintiffs have yet to receive the agreed-upon benefit contributions to the Plans from Defendant. Any further delay of the payment of Plaintiffs threatens the employees' health coverage and pension credits. Additionally, this Court has already held Defendant in contempt due to Defendant's lack of cooperation with Plaintiffs and compliance with this Court. (ECF No. 39). Denial of Plaintiffs' request for default judgment would render futile Plaintiffs' effort at a civil resolution while rewarding Defendant's avoidance of this litigation. Further, if Plaintiffs were to file another lawsuit, it is likely that such a lawsuit would return to the default judgment stage. Courts have

6

found the prejudice factor to be satisfied under such circumstances. *See, e.g.*, *Toler v. Glob. Coll. of Nat. Med., Inc.*, No. 13-10433, 2016 WL 67529, at *7 (E.D. Mich. Jan. 6, 2016).

### 3. Amount of Money at Stake

Next, this Court considers the amount of money at stake. Plaintiffs allege damages totaling $170,890.38, not including attorney's fees. While not insignificant, this sum is not so high as to concern this Court that adjudication via default judgment is inappropriate. *See Russel*, 34 F. App'x at 198. As such, this factor weighs in favor of default judgment.

### 4. Possible Disputed Material Facts

Regarding the potential existence of contested material facts, Defendant has given nothing for this Court to evaluate since it has largely abstained from involvement in this proceeding. Defendant's first response to Plaintiffs' Complaint occurred three months after the Complaint was filed and after the Clerk had entered default, and took the form of a required deposition. (ECF Nos. 1, 11). Defendant has been so unresponsive to the steps of this litigation that this Court was made to hold Defendant in civil contempt of this Court for failure to comply. (ECF No. 45). Moreover, Defendant has not yet responded to Plaintiffs' present motion. (ECF No. 67). Consequently, this factor weighs in favor of default judgment.

### 5. Default Due to Excusable Neglect

Generally, there is no excusable neglect when judgment is entered for a failure to respond in the time permitted when served with a complaint or a Clerk's entry of default, *Indep. Ord. of Foresters v. Ellis-Batchelor*, No. 20-10619, 2021 WL 1588994, at *3 (E.D. Mich. Feb. 23, 2021) (citing 11 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2858 (3d ed. 2018)). As careless or unintentional conduct does not give rise to excusable neglect, this defense is unavailable where Defendant has not offered any excuse for not timely responding to Plaintiffs'

Motions. *See. e.g.*, *PNC Equip. Fin., LLC v. Keller*, No. 1:12-cv-594, 2014 WL 11515877, at *4 (S.D. Ohio May 29, 2014); *Yeshick v. Mineta*, 675 F.3d 622, 631 (6th Cir. 2012). Such is the case here, as the reason for Defendant's lack of participation in this litigation is unknown. Therefore, this factor weighs in favor of default judgment.

### 6. Preference for Decision on the Merits

Lastly, the Court considers the Federal Rules of Civil Procedure's strong preference for decisions made on the merits as a matter of public policy. *Russell*, 34 F. App'x at 198 (citing *Eitel*, 782 F.2d at 1472). But this public policy preference must be weighed against another: that "effective judicial administration requires that at some point disputes be treated as finally and definitively resolved." 10A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2693 (3d ed.). When a party's nonparticipation has prevented the resolution of a case on the merits, the preference for a resolution on the merits becomes outweighed by the needs of the litigants actually before the Court. *See, e.g.*, *Tomilson v. E. Recovery & Mediation Grp. LLC*, No. 15-13606, 2019 WL 1380313, at *4 (E.D. Mich. Mar. 17, 2019); *Toler*, 2016 WL 67529, at *9.

Since all of the factors favor default judgment, and since a decision on the merits appears to have become unrealistic and unattainable due to Defendant's lack of participation in this case, the policy preference of a judgment on the merits will not preclude Plaintiffs from their requested relief.

\* \* \*

For the reasons stated above, Plaintiffs Motion for Default Judgment (ECF No. 67) is **GRANTED**.

### B. Damages, Fees, and Costs

Having found default judgment proper, this Court must next determine the appropriate measure of damages, fees, and costs.

As discussed above, this Court need not conduct a hearing in a case such as this, where the damages are calculable and proven by way of a clear affidavit. FED. R. CIV. P. 55(b)(2); *Barnes v. Abraham, Inc.*, No. 2:17-cv-279, 2017 WL 5714091, at *2 (S.D. Ohio Nov. 28, 2017) (citation omitted); *United States v. Di Mucci*, 879 F.2d 1488, 1497–98 (7th Cir. 1989). Indeed, once a defendant is liable under ERISA's delinquent contributions provision by way of default judgment, as Defendant is here, it is mandatory that the district Court award the damages. *Bds. of Trs. of the Ohio Laborers' Fringe Benefit Programs v. Blaze Constr., Inc.*, No. 2:01-CV-1068, 2002 WL 31951267, at *5 (S.D. Ohio Dec. 11, 2002) (citing 29 U.S.C. § 1132(g)(2)).

Here, Plaintiffs seek $170,890.38, which is the sum of the principal, liquidated damages, and interest to date. Plaintiffs provided evidence in the form of agreed-upon CBAs, (Ex. 3, L265 Building Agreement at ¶ 111), a computation of the money owed, (Ex. 1A), and a declaration of the Communications/Contractor Relations Manager for the Plans, (Ex. 1, Gaston Decl.), establishing the calculability of the damages. Upon consideration of this uncontested evidence, this Court is satisfied it can determine the appropriate damages without an evidentiary hearing. Accordingly, Plaintiff's requested award of **$170,890.38** is **GRANTED**.

On top of this award, Plaintiffs seek an interest rate of 1% per month from the date of judgment. (ECF No. 67). A post-judgment interest rate of 1% per month was agreed upon by both Parties under the CBAs, (Ex. 1, Gaston Decl.; Ex. 3, L265 Building Agreement at ¶ 111), so this request is **GRANTED**.

Lastly, Plaintiffs are ordered to file a Motion for Attorney's Fees and Costs within 45 days of this judgment under S.D. Ohio Civ. R. 54.2(a).

### C. Injunctive Relief

In their Complaint, Plaintiffs also requested injunctive relief pursuant to ERISA's "civil enforcement" provision for Defendant's breach of CBAs and violation of 29 U.S.C. § 1145. (ECF No. 1 ¶ 25). Plaintiffs sought four forms of injunctive relief: (1) an order for Defendant to provide Plaintiffs access to Defendant's financial records; (2) to enjoin Defendant from further breaches of governing documents and from further violations of ERISA; (3) to order Defendant to submit monthly contribution reports to Plaintiffs; and (4) to enforce the governing documents and ERISA. The Motion for Default Judgment, however, omits any request for injunctive relief. As such, no injunctive relief will be granted with this Order.

### III. CONCLUSION

For the reasons set forth above, Plaintiffs' Motion for Default Judgment is **GRANTED**, and a **DEFAULT JUDGMENT** is entered against Defendant. Defendant is ordered to pay Plaintiffs **$170,890.38** in damages plus interest at a rate of 1% per month. Plaintiffs are **ORDERED** to file a Motion for Attorney's Fees and Costs under S.D. Ohio Civ. R. 54.2(a) within 45 days after this judgment. This case is **CLOSED**.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED:  July 9, 2024**